# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
DEC 15 2020
PER
DEPUTY CLERK

### DOCKET NO. 4 20-CV- 2352

|  |  |
|---|---|
| HECTOR V. TORRES, | : |
| Plaintiff, | : |
|  | : |
| V. | : |
|  | : |
|  | : **JURY TRIAL DEMANDED** |
| PAULA PRICE,   Health Care Administrator; | : |
| TRACI PARKES,  P.H.S. Administrator; | : |
| FAWN BALDAULF, Physician Assistant, et al., | : |
| Defendants. | : |

## CIVIL RIGHTS COMPLAINT

Civil Action at Law filed by a State Prisoner, Hector V. Torres, Plaintiff, against Medical Officials, Defendants Acting Under Color of State Law, at the State Correctional Institution at Huntingdon.


Respectfully Submitted,


Hector V. Torres, JT-1711

1100 Pike Street

Huntingdon, PA 16654-1112

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HECTOR V. TORRES,                  :
              Plaintiff,      :       **Civil Action No.** _____

                          :

      V.                           :       **JURY TRIAL DEMANDED**

                          :

PAULA PRICE, et al.,               :
              Defendants.     :

## CIVIL RIGHTS COMPLAINT

To The Honorable, The Judge(s) Of Said Court:

**I.**    **Introduction:**

This is a Civil Rights Action filed by a State Prisoner, Hector V. Torres, against various Medical Officials of the State Correctional Institution at Huntingdon, pursuant to **42 U.S.C. §1983,** alleging violation of the Eighth Amendment of the United States Constitutional rights and State Torts Law, **inter alia.**

Thus, the plaintiff seeks Injunctive Relief, Declaratory Judgment and Monetary Compensation for his pain and suffering, including, but not limited to, mental and emotional distress.

**1**

## II.   Jurisdiction and Venue:

This Honorable Court has jurisdiction over this action pursuant to **28 U.S.C. §§ 1331** and **1343(a)(3)**. The plaintiff also invokes the Court's pendent jurisdiction pursuant to **28 U.S.C. § 1367** to hear and otherwise entertain his ancillary State Law Claims.

The Court's venue is appropriate pursuant to **28 U.S.C. §§ 1391(b)(2)** because the events and omissions given rise to the claims occurred in the Middle District of Pennsylvania.

## III.   Parties:

The plaintiff, Hector V. Torres, is a prisoner confined at the State Correctional Institution Huntingdon, (SCI-Huntingdon), 1100 Pike Street, Huntingdon, PA 16654-1112, and was incarcerated at said prison during all events described in this Complaint.

Defendant **Paula Price** is the Health Care Administrator at the State Correctional Institution Huntingdon, (SCI-Huntingdon), 1100 Pike Street, Huntingdon, PA 16654-1112, and she is legally responsible for the overall general operations within the prison Medical Department, including, but not limited to the Medical Care of all prisoners confined at SCI-Huntingdon. She is sued in her **individual** capacity.

2

Defendant **Traci Parkes** is the Health Services Administrator at the State Correctional Institution Huntingdon (SCI-Huntingdon) 1100 Pike Street, Huntingdon, PA 16654-1112, and she is legally responsible for scheduling surgery appointments, **inter alia,** for all prisoners confined at SCI-Huntingdon. She is sued in her **individual** capacity.

Defendant **Fawn Baldaulf** is the Physician Assistant at the State Correctional Institution Huntingdon, (SCI-Huntingdon), 1100 Pike Street, Huntingdon, PA 16654-1112, and she is legally responsible for providing medical treatment, including, but not limited to prescribing pain medication as well as doctor referral **inter alia,** for all prisoners confined at SCI-Huntingdon. She is sued in her **individual** capacity.

## IV.   Statement Of Facts:

### Plaintiff Medical Condition

The plaintiff has a hernia below his belly button, which causes him severe pain throughout the day and night, making it impossible for him to receive uninterrupted sleep caused by the severe pain in his abdomen. plaintiff's hernia has develop in such a cruel manner causing his bladder difficulties which makes

3

it difficult for him to be able to discharge his urine.
plaintiff's hernia pops out on a daily basis, which pinches his
bladder, and at times the pain becomes so severe that plaintiff
is unable to walk.  Defendant **Fawn Baldaulf** has failed to provide
plaintiff with adequate pain medication despite her knowledge of
plaintiff's severe medical conditions.  During plaintiff's sick
call appointments, Defendant **Fawn Baldaulf** has directed plaintiff
to purchase pain medication from the "Institutional Commissary"
knowing that plaintiff is indigent and that the medication sold
on commissary is inadequate to control his pain.  the medication
previously prescribed by Defendant **Fawn Baldaulf** is insufficient
to control the pain, and despite her knowledge she refuses to
prescribe a different pain medication, leaving plaintiff without
pain medication causing plaintiff to suffer mental and emotional
distress due to the severe pain caused by the hernia.  Defendant
**Paula Price** has been made aware of Defendant **Fawn Baldaulf** said
inadequate medical care.  Nevertheless, Defendant **Paula Price** has
failed to address plaintiff's concerns despite her authority to
do so.  Defendant **Traci Parkes** has delayed plaintiff's hernia
surgery without any legitimate or penological reason other then
her attempt to allow the medical department to find a surgeon who

4

is going to perform the surgery at a lowest cost, which has subjected plaintiff to suffer mental and emotional distress cause by the severe pain while waiting for the Defendants to find a surgeon who is willing to perform the surgery at a lowest cost. On **September 5,2019** the plaintiff met with the General Surgeon who at that time recommended plaintiff's surgery, and despite Defendant **Traci Parkes** knowledge of said recommendation [she] has failed to schedule plaintiff's surgery despite [her] knowledge of the surgeon's recommendation. Defendant **Paula Price** is aware of plaintiff severe medical condition, as well as the recommendation made by the surgeon, and although she has the authority to direct Defendants **Traci Parkes** to schedule plaintiff's surgery [she] has failed to do so, knowing that plaintiff is constantly in severe pain.

The plaintiff has used the prison's grievance system to try and resolve his problems. On **September 27,2020,** the plaintiff wrote a Request To Staff to Defendant Traci Parkes at which time she stated that plaintiff was approved to be schedule for surgery and that the surgery has yet to be schedule. Plaintiff's concerns were not addressed to his satisfaction, and therefore, he filed this Complaint.

5

**V.**   <u>Defendants Acted With Deliberate Indifference</u>:

To be liable for an Eighth Amendment violation, a prison medical official must have acted or failed to act with deliberate indifference to an inmate's health or safety -- a standard that requires actual knowledge or awareness that the inmate faces a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.   In plaintiff case, the Defendants acknowledged that plaintiff has a hernia and they are all aware of the surgeon's recommendation of plaintiff's surgery in which they have failed to schedule plaintiff surgery. Also, the Defendants are all aware of plaintiff's numerous of complaints regarding his severe pain which he has been subjected due to the delay of his surgery, and despite their knowledge of plaintiff numerous of complaints pertaining to severe pain, the Defendants failed to provide [him] with adequate pain medication knowing that plaintiff is constantly in severe pain.

The Defendants acted with deliberate indifference when they deny, delay, obstruct or otherwise prevents a prisoner from receiving needed or recommended medical treatment. the Defendants failure to act has subjected the plaintiff to an unnecessary and wanton infliction of pain.

6

COUNT ONE

CAUSE OF ACTION

Violation Of The Eighth Amendment To

The U.S. Constitution Against All Defendants

## VI.   Eighth Amendment:

Plaintiff, Hector V. Torres, re-alleges paragraph ## as  if fully state herein. Each Defendant, individually and collectively has violated Torres Eighth Amendment rights by acts and omissions manifesting a deliberate indifference based on their  intentional delay or refusal of access to medical care based on a non-medical reason which has caused  plaintiff  the  unnecessary  and  wanton infliction of pain proscribed by the Eighth Amendment.

The Supreme Court recognized that the Constitution requires the government to provide medical care to  inmate's  because  the failure to do so may  actually  produce  physical  torture  or  a lingering of death or in less  serious  cases may result in  pain and suffering.  In plaintiff's case, the surgeon recommended  his surgery on **September 5,2019,** in which the Defendants  disregarded such recommendation and by doing so, plaintiff has been subjected to the unnecessary and wanton infliction of [pain].  Further, the Defendants has disregarded plaintiff's  [pleadings]  for adequate pain medication which has caused him to suffer from severe  pain.

7

## VII.  **Relief**:

Plaintiff seeks a Declaratory Judgement as to the violation of his Constitutional rights.

Plaintiff seeks an injunction enjoining the Defendants to immediately take appropriate steps to proceed with [his] surgery in which plaintiff remains facing irreparable harm to [his] well-being including but not limited to, long-term health effects severe illness, and possible death.

Plaintiff seeks **$500,000.00** Compensatory Damages jointly and severally for the violation of his Constitutional rights.

Plaintiff seeks **$500,000.00** Punitive Damages jointly and severally for the violation of his Constitutional rights.

Plaintiff seeks all other relief the Court deem just and fair.

Respectfully Submitted,

By:

Hector V. Torres, JT-1711

1100 Pike Street

Huntingdon, PA 16654-1112

Dated: _12_ / _8_ ,2020

## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HECTOR V. TORRES,

               Plaintiff,

    V.

PAULA PRICE, et al.,

               Defendants.

:
:
:   **Civil Action No.** _____
:
:   **JURY TRIAL DEMANDED**
:
:
:
:

## DECLARATION OF THE PLAINTIFF, HECTOR V. TORRES

The Plaintiff, Hector V. Torres, hereby declare under penalty of perjury that the statement(s) and information set forth in the foregoing Civil Rights Complaint are true and correct to the best of my knowledge and belief. Thus, I make this declaration pursuant to the penalties of 28 **U.S.C.** § **1746.**

Respectfully Submitted,

By: _____

Hector V. Torres, JT-1711

1100 Pike Street

Huntingdon, PA 16654-1112

Dated: _12_ / _8_ ,2020

9

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|                        |   |                              |
|------------------------|---|------------------------------|
| HECTOR V. TORRES,      | : |                              |
| Plaintiff,             | : |                              |
|                        | : | Civil Action No. _____ |
| V.                     | : |                              |
|                        | : | JURY TRIAL DEMANDED          |
| PAULA PRICE, et al.,   | : |                              |
| Defendants.            | : |                              |
|                        | : |                              |

## CERTIFICATE OF SERVICE

Plaintiff, Hector V. Torres, hereby certifies that a true and correct copy of the foregoing Civil Rights Complaint was served via First Class U.S. Mail, upon the address listed below.

Office of the Clerk of Court
United States District Court
Middle District of Pennsylvania
P.O. BOX 1148
Scranton, PA 18501

Respectfully Submitted,

By: _____
Hector V. Torres, JT-1711
1100 Pike Street
Huntingdon, PA 16654-1112

Dated: _12_ / _8_ ,2020

10

HECTOR BURGOS

-1711

SCI - HUNTINGDON

1100 PIKE ST

HUNTINGDON, PA· 16554

TO: C

M17

PE

# *LEGAL MAIL*

U.

2

RECEIVED
SCRANTON

DEC 1 5 2020

PER _____ Amo
DEPUTY CLERK