IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR V. TORRES, | No. 4:20-CV-2352 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| PAULA PRICE, TRACI PARKES, and FAWN BALDAULF, | |
| Defendants. | |

## ORDER

### SEPTEMBER 28, 2021

Plaintiff Hector V. Torres filed the instant action on December 16, 2020, and it was jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case, who then have the opportunity to file written objections.[2]

On August 3, 2021 Magistrate Judge Martin C. Carlson, to whom this matter is jointly assigned, issued a thorough report and recommendation, recommending that defendants' motions to dismiss[3] be granted in part and denied in part. Specifically, Magistrate Judge Carlson recommended that defendants Traci

---

[1] 28 U.S.C. § 636(b)(1)(B).
[2] 28 U.S.C. § 636(b)(1).
[3] Docs. 18, 21.

Parkes'[4] and Paula Price's motions to dismiss be granted, but that defendant Fawn Baldaulf's motion to dismiss be denied.

No objections to the report and recommendation have been filed. For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[5] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[6]

Because this discussion is intended solely for the parties, the Court will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. The Court has conducted a de novo review here, and largely agrees with Magistrate Judge Carlson's determinations. However, the Court finds that Torres' complaint does state a plausible claim against defendant Traci Parkes for deliberate indifference to serious medical needs.

---

[4] It appears that defendant Traci Parkes now goes by the last name "Shoemaker." *See* Doc. 19-2. The Court will refer to Ms. Shoemaker as "Traci Parkes" solely to provide uniformity with the pleadings and to avoid confusion.

[5] FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)).

[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

According to the complaint, Parkes knew of Torres' need for hernia surgery but "delayed plaintiff's [prescribed] hernia surgery without any legitimate or penological reason other th[a]n her attempt to allow the medical department to find a surgeon who is going to perform the surgery at [the] lowest cost."[7]  Defendants argue that Parkes—a health services administrator—is not a medical decisionmaker and had no part in treating Torres or delaying his hernia surgery.[8] While defendants' assertions may ultimately prove to be correct, at the Rule 12(b)(6) stage, it is Torres' allegations that we must consider to be true.  And, when taking his allegations as true, they state a plausible Eighth Amendment deliberate-indifference claim.[9]

The only other necessary addition to Magistrate Judge Carlson's report is to determine whether the Court should grant leave to amend.  Because this is a civil rights case, and it has not been argued or determined that amendment would be inequitable or futile, the Court will grant Torres leave to amend if he so desires.[10]

---

[7]  Doc. 1 at 5-6.
[8]  *See* Doc. 19 at 10-11.
[9]  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993) (explaining that deliberate indifference can be shown where "necessary medical treatment [i]s . . . delayed for non-medical reasons") (alterations in original) (citations and internal quotation marks omitted)); *Tenon v. Dreibelbeis*, 606 F. App'x 681, 687 (3d Cir. 2015) (nonprecedential) (finding that prisoner's allegations of medical defendant failing to provide a prescribed course of treatment, thus resulting in needless pain and suffering, stated a cognizable deliberate-indifference claim).
[10]  *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Carlson's Report and Recommendation, Doc. 33, is **ADOPTED** in part, as more fully explained above.

2. The motion to dismiss, Doc. 18, by defendants Traci Parkes and Fawn Baldaulf, is **DENIED**.

3. Defendant Paula Price's motion to dismiss, Doc. 21, is **GRANTED**. Plaintiff's Eighth Amendment deliberate-indifference-to-serious-medical-needs claim against Paula Price is **DISMISSED** without prejudice.

4. Plaintiff, if he desires, shall be permitted to file an amended complaint on or before October 22, 2021. If no amended complaint is filed, this action shall proceed against the remaining defendants, Parkes and Baldaulf.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge