### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HECTOR V. TORRES,

      Plaintiff,

    v.

PAULA PRICE, *et al.*,

      Defendants.

No. 4:20-CV-2352

(Chief Judge Brann)

## MEMORANDUM OPINION

### DECEMBER 8, 2021

Plaintiff Hector V. Torres filed the instant Section 1983[1] action in December 2020 while incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania (SCI Huntingdon).  He alleges Eighth Amendment violations against several healthcare providers affiliated with SCI Huntingdon.  Because Torres has failed to prosecute his claims, the Court will dismiss his complaint.

## I.  BACKGROUND

Torres filed his *pro se* complaint on December 16, 2020.[2]  At that time, and during all times relevant to his claims, he was confined at SCI Huntingdon.[3]  Torres

---

[1]  42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]  Doc. 1.

[3]  *Id.* at 2.

alleged that three healthcare providers—Paula Price, Traci Parkes,[4] and Fawn Baldaulf—were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.[5]

Defendants moved to dismiss Torres' claims.[6]  After briefing, the case was referred to Magistrate Judge Martin C. Carlson.  Magistrate Judge Carlson issued a thorough report and recommendation on August 3, 2021, recommending that the motions to dismiss be granted in part and denied in part.[7]  Specifically, Magistrate Judge Carlson recommended that defendants Parkes' and Price's motions to dismiss be granted, but that defendant Baldaulf's motion to dismiss be denied.[8]  No objections to the report and recommendation were filed.

On September 28, 2021, the Court adopted in part Magistrate Judge Carlson's recommendations and dismissed without prejudice Torres' claim against Price.[9]  The Court denied the motions to dismiss by defendants Parkes and Baldaulf.[10]  Torres was granted leave to file an amended complaint in relation to

---

[4]   It appears that defendant Traci Parkes now goes by the last name "Shoemaker."  *See* Doc. 19-2. The Court will refer to Ms. Shoemaker as "Traci Parkes" solely to provide uniformity with the pleadings and to avoid confusion.

[5]   *Id.* at 5-8.  Although Torres mentions "state tort" claims in his introduction, *id.* at 2, he fails to plead any state-law claims in his complaint, *see generally* Doc. 1.

[6]   Docs. 18, 21.

[7]   Doc. 33.

[8]   *Id.*

[9]   Doc. 34 at 4.

[10]  *Id.*

his claim against Price, if desired, by October 22, 2021.[11]  No amended complaint was filed.

The Clerk of Court mailed a copy of the September 28, 2021 Order to Torres at SCI Huntingdon on the same day it issued.  One month later, the correspondence was returned as undeliverable, with the envelope marked "return to sender, no such number, unable to forward."[12]  The Clerk then contacted SCI Huntingdon and verified with the Inmate Records Department that Torres had completed his sentence on June 16, 2021, and had been released with no address information on file.[13]

On November 5, 2021, the remaining Defendants filed a motion to dismiss for lack of prosecution.[14]  To date, Torres has not responded to this motion, nor has he made any attempt to update the Court with a new address as previously advised at the inception of this case.[15]

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil

---

[11]   *Id.*
[12]   Doc. 35.
[13]   *See* October 29, 2021 Docket Annotation.
[14]   Doc. 36.
[15]   *See* Doc. 6 (letter from Clerk of Court advising Torres that "Pro Se plaintiffs and petitioners are advised that they have an affirmative obligation to keep the court informed of his or her current address. If the plaintiff/petitioner changes his or her address while the lawsuit is being litigated, the plaintiff/petitioner shall immediately inform the court of the change in writing").

Procedure] or a court order."[16]  A defendant may move to dismiss under Rule 41(b),[17] but district courts also have inherent power to dismiss an action *sua sponte* for failure to prosecute.[18]  When determining whether to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, the Court must balance six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*[19]  Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[20]

However, *Poulis* does not provide a "magic formula" or "mechanical calculation" for dismissal of a complaint for failure to prosecute,[21] and not all of the *Poulis* factors must be satisfied to warrant dismissal.[22]  The Court will take each factor in turn.

First, the only party responsible for the nonprosecution of this case is Torres. The defendants have, in all instances, acted diligently and within the timeframes provided by the Federal Rules of Civil Procedure and this Court.  Nor can Torres

---

[16]  FED. R. CIV. P. 41(b).
[17]  *See id.*
[18]  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).
[19]  747 F.2d 863 (3d Cir. 1984).
[20]  *Id.* at 868 (emphasis omitted).
[21]  *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).
[22]  *United States v. Brace*, 1 F.4th 137, 143 (3d Cir. 2021).

blame an attorney, as he is representing himself.  When a plaintiff is acting *pro se*, he is "solely responsible for the progress of his case."[23]  This first factor, therefore, weighs in favor of dismissal.

The second factor considers prejudice to the defendants.  Parkes and Bauldaulf point out that, due to Torres' unknown whereabouts and complete inaction in this case, they cannot "move forward . . . and clear the allegations against them."[24]  There is also prejudice here because the longer this case is delayed, the more likely it is that memories will fade and evidence will grow stale.[25]  Torres' nonprosecution and unknown whereabouts make it impossible for the defendants to conduct any discovery that would require his participation, like interrogatories or a deposition.  Consequently, the second factor also cuts in favor of dismissal.

The Court next considers whether there is a history of dilatoriness.  Torres has frequently requested extensions of time for briefing, which—in and of itself—does not necessarily demonstrate dilatoriness.  However, Torres has been released from prison for almost *six months* and has failed to update the court with a new address (as previously advised), amend his complaint regarding the dismissed

---

[23] *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008).
[24] Doc. 37 at 4.
[25] *See Briscoe*, 538 F.3d at 259.

claim, or respond to Defendants' latest motion to dismiss. This type of lengthy delay weighs in favor of dismissal.[26]

Without any communication from Torres (and with no valid address to send court orders), it is difficult to know whether Torres' conduct here is the product of mere negligence, willful neglect, bad faith, or some other circumstance. Because any attempted analysis of this factor would be speculative, the Court finds it to be neutral.

Regarding availability of alternative sanctions, there do not appear to be any.[27] As Defendants correctly observe, "There is no guarantee that [Torres] will ever update his address" and prosecute his case.[28] The instant action cannot proceed without Torres' involvement, and dismissal is the only viable sanction because Torres is acting *pro se* and his location is completely unknown. Thus, this factor likewise favors dismissal.

Finally, the Court must consider the meritoriousness of Torres' Eighth Amendment claims. As previously noted, one defendant has already been dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Furthermore, the gravamen of Torres' remaining claims is that the medical treatment he received for his hernia was inadequate or unreasonably delayed. He does not claim that Parkes

---

[26] *See id.* at 260 (noting that "[e]xtensive" delay or delinquency can constitute a history of dilatoriness).

[27] *See id.* at 262-63.

[28] Doc. 37 at 4-5.

or Baldaulf failed to provide treatment or ignored his requests for care.  Indeed,

Torres included a copy of his DC-135A Inmate's Request to Staff Member that he

sent to Parkes, which provides the following explanation from Parkes regarding the

delay in scheduling hernia surgery:

> I *think* you were told that [your hernia surgery] was
> approved to be scheduled, not that it was scheduled.  My
> apologies if they informed you incorrectly.  You ARE on
> my radar now.  I will let you know as soon as I get it
> scheduled.  P.S. Due to the fact that you had to see Urology
> and have the Cystoscopy done, the surgeon may want to
> see you in the office again before scheduling surgery.  I
> am waiting to hear back from the office.[29]

The standard for deliberate indifference to serious medical needs is a stringent one.

While it is not impossible that Torres could succeed on his remaining Eighth

Amendment claims, the likelihood of success—even when considering all

allegations in his complaint to be true—is low.  Nevertheless, because Torres'

claims survived Rule 12(b)(6) challenges by Parkes and Baldaulf, this last factor

cuts in Torres' favor.[30]

   The *Poulis* factors, when balanced, clearly militate in favor of dismissal.

Four out of six support dismissal, one is neutral, and only one leans slightly in

Torres' favor.  Accordingly, the Court will dismiss the remaining claims for failure

to prosecute.

---

[29]  Doc. 1-1.
[30]  *See Briscoe*, 538 F.3d at 263 (explaining that whether a claim has merit is generally judged against the Rule 12(b)(6) standard).

## III.   CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion (Doc. 36) to dismiss for lack of prosecution.  Torres' remaining Eighth Amendment claims against Defendants Parkes and Baldaulf will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge